UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| KATHY REAVES, | ) | Civil Action No.: 4:07-1334-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| | ) | |
| COUNTY OF MECKLENBURG, | ) | |
| COUNTY OF GUILFORD, COUNTY OF | ) | **REPORT AND RECOMMENDATION** |
| FORSYTH, ROBERT A. COVINGTON, | ) | |
| in his professional and individual capacities, | ) | |
| JACQUELYN C. SMITH, in her | ) | |
| professional and individual capacities, | ) | |
| MARY BEATTY COVINGTON, in her | ) | |
| professional and individual capacities, | ) | |
| ANGELA C. FOSTER, in her professional | ) | |
| and individual capacities, SHEILA | ) | |
| PASSENANT, in her professional and | ) | |
| individual capacities, and WHITNEY | ) | |
| ALLSOPP, in her professional and | ) | |
| individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, proceeding pro se, brings this case, alleging causes of action for violation of 28 U.S.C. § 1738A, in connection with child custody actions in the courts in Mecklenburg and Guilford Counties, North Carolina. Plaintiff asserts that the courts in North Carolina are without jurisdiction over the custody dispute between her, the child's mother; Defendant Robert Covington, the child's father; and Defendant Jacquelyn Smith, the child's aunt. Plaintiff requests that this Court vacate any and all orders issued by the North Carolina courts or declare that the judgments from the North Carolina courts be deemed null and void. She requests a temporary injunction against one of the Judges in Mecklenburg County, enjoining her from further exercising any jurisdiction over the

custody dispute. She also seeks monetary damages against all Defendants.

Numerous motions are currently pending before the Court. All pretrial proceedings in this case have been referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC.

This case should be dismissed based on the Rooker-Feldman doctrine as espoused in Rooker v. Fidelity Trust Company, 263 U.S. 413 ( 1923 ). The Rooker-Feldman doctrine, which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting [federal] district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22 (2005). The doctrine prohibits lower federal courts from reviewing the findings or rulings of state court decisions. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Friedman's, Inc. v. Dunlap, 290 F.3d 191 (4th Cir.2002). As set forth by the Fourth Circuit, "[t]he Rooker-Feldman bar extends not only to issues actually decided by a state court but also to those that are 'inextricably intertwined with questions ruled upon by a state court.'" Shooting Point, LLC v. Cumming, 368 F.3d 379, 383 (4th Cir.2004).

Because Plaintiff requests that this Court vacate any and all orders issued by the North Carolina courts and/or declare that the judgments from the North Carolina courts be deemed null and void, the Court lacks subject matter jurisdiction and thus, the case should be dismissed.[1]

Defendants Forsyth County, Guilford County, Mecklenburg County, Sheila Passenant and Whitney Allsopp each moved for dismissal of this action pursuant to Rule 12(b)(1), based on the

---

[1] Dismissal is also appropriate in light of the fact that 28 U.S.C. § 1738A, under which Plaintiff brings her claims, does not give rise to a private right of action. See Thompson v. Thompson, 484 U.S. 174, 187, 108 S.Ct. 513, 520 (1988).

Rooker-Feldman doctrine.  Thus, it is recommended that their Motions to Dismiss (Document #s 18, 20, 40) be granted.  It is further recommended that this case be dismissed as to all other Defendants as well because the Rooker-Feldman doctrine, a jurisdictional issue, may be raised by the court sua sponte.  Friedman's, Inc. v. Dunlap, 290 F.3d 191 (4th Cir.2002).  If the district judge agrees with this recommendation, all pending motions will be moot.[2]

                                      s/Thomas E. Rogers, III
                                      Thomas E. Rogers, III
                                        United States Magistrate Judge

January 18, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[2] It should be noted that Plaintiff has filed two Motions to Amend her Complaint (Document #s 111, 130).  However, for the same reasons discussed above, the proposed amended complaints would be subject to dismissal and are therefore futile.  See New Beckley Mining Corp. v. Int'l Union, United Mine Workers of America, 18 F.3d 1161, 1164 (4th Cir. 1994).  See also Jordahl v. Democratic Party of Virginia, 122 F.3d 192, 202 (4th Cir. 1997) (Plaintiff may not "escape the jurisdictional bar of Rooker-Feldman by merely refashioning [her] attack on the state court judgments as a § 1983 claim.") (citing Bechtold v. City of Rosemount, 104 F.3d 1062, 1065 (8th Cir.1997) ("cases make it clear that a litigant cannot circumvent Rooker-Feldman by recasting his or her lawsuit as a § 1983 action")).